Informal Opinion No. 98-5 Michael F. McKeon, Esq. Corporation Counsel City of Auburn Memorial City Hall 24 South Street Auburn, N Y 13021-3832
Dear Mr. McKeon:
You have asked whether a provision of the city charter of the City of Auburn is valid. The charter provision authorizes the city council to submit to the voters of the city at any general or special election any proposal authorized by the charter or by other laws.
You have explained that the City of Auburn Charter was originally enacted under the Optional City Government Law. Although that law was repealed in 1939 (Chapter 765 of the Laws of 1939) any plan adopted by a city under the Optional City Government Law remains in force until it is repealed or succeeded by local law.
It has long been established in this State that a local government may not hold a referendum without a specific authorization by the State Legislature. Op Atty Gen (Inf) Nos. 91-19, 90-24, 85-1. We have not found any provision in the Optional City Government Law that authorized the conduct of a referendum. In fact, that law included a provision preserving the authority to conduct a referendum under any other provision of law.
Determination of questions by popular vote. Nothing in this act shall be construed as superseding or repealing any provision of law requiring any matter to be submitted to the vote of the electors or taxpayers, or permitting the city council to so submit any matter or question. L 1914, Ch 444, Art I, § 10.
Therefore, in that the Auburn City Charter provision authorizing a referendum has not been established by State law, it is invalid. The authority to conduct a referendum is controlled by provisions of State law, such as sections 23 and 24 of the Municipal Home Rule Law providing that local laws relating to certain topics are subject to either mandatory referenda or referenda on petition.
We conclude that the provision of the charter of the City of Auburn authorizing a referendum on the exercise of any power delegated by charter or other State law is invalid in that it has not been established by State law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions